## THE TOMMY.

(District Court, S. D. New York. February 13, 1909.)

ADMIRALTY (§ 119*)—REMAND AFTER REVERSAL—PROCEDURE BELOW.

The question of a right to limit liability involves a right to contest it, and, where a petitioner's right to contest and limit has been decided in her favor on appeal, it only remains for this court to determine whether a claimant is entitled to recover, and, if so, to what extent.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 119.*]

(Syllabus by the Judge.)

See, also, 81 C. C. A. 50, 151 Fed. 570.

James J. Macklin and De Lagnel Berier, for libellant.
Charles C. Sanders and Herbert C. Smyth, for claimant.

ADAMS, District Judge. An action having been brought in the New York Supreme Court by Hilma C. Johnson, administratrix of Charles H. Johnson, to recover from the libellant herein a sum for damages suffered by reason of the death of the said Charles H. Johnson, through the use of a pair of tongs on the barge Tommy in May, 1903, the libellant brought an action in this court to contest and limit her liability. In the last mentioned action, it was found here that the libellant was not entitled to succeed because the tongs were found to be defective and the vessel was therefore not properly equipped. It was further found that the persons delegated by the libellant to represent her in the matter were unfit to perform the duties of agents in the selection of proper tools to carry out the work involved. The libel was consequently dismissed. The Tommy (D. C.) 142 Fed. 1034. An appeal was taken from this decision and it was there determined that although the tongs might have been defective, the libellant had provided a suitable agent to represent her in the matter and could not be deprived of the benefit of the statute. 151 Fed. 570, 81 C. C. A. 50.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Subsequently the action was sent back to this court with instructions in the mandate, as follows:

"That the decree of said District Court be and it hereby is reversed with costs taxed at the sum of $200.30, and cause remanded with instructions to adjudicate the rights of the parties and take such proceedings as are not inconsistent with the opinion of this Court."

The original claimant having paid the costs of the appeal, now moves for a decree on the mandate, which will entitle her to proceed as though she had established her right to recover the appraised value of the vessel. This is opposed by the libellant, who contends that there has been no adjudication of the claimant's cause of action and in order to recover anything, she must establish her right in the usual way.

The question which was tried in this court and on appeal was simply to determine whether the libellant was entitled to limit her liability. It was said in the opinion here (page 1036 of 142 Fed.):

"It is urged that the deceased was himself to blame for the accident because he did not handle the rails properly. It may be that he did not handle them with due care in view of the condition of the tongs. Whether he exercised the necessary amount of caution in view of what he might have seen, it is not necessary to determine here, the question now presented being whether the vessel was seaworthy in her equipment."

While the right of the claimant may have been regarded as established, it was obviously for the purposes of the argument only. The libellant's contention is correct and I have signed her proposed decree.