SALMON et al. v. AUSTRO-AMERICAN STAVE & LUMBER CO., Limited. (Circuit Court of Appeals, Second Circuit. May 9, 1910.) In Error to the Circuit Court of the United States for the Eastern District of New York. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The order granting supersedeas should be vacated, without prejudice to defendants applying before the expiration of the December (1909) term to the Circuit Court for opening and re-entry of the judgment or for such other relief as they may be advised.

---

SANBERN v. WRIGHT & COBB LIGHTERAGE CO. (two cases). (Circuit Court of Appeals, Second Circuit. June 14, 1910.) No. 285. Appeal from the District Court of the United States for the Southern District of New York. Wray & Callaghan and Nelson Keach, for appellant. Kneeland & Harison, for appellee. Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Decree affirmed on opinion of District Judge (171 Fed. 449), with interest and costs.

---

In re TOMMY. (Circuit Court of Appeals, Second Circuit. June 14, 1910.) No. 227. Appeal from the District Court of the United States for the Southern District of New York. Appeal from a decree of the District Court, Southern District of New York, fixing the value of petitioner's barge at $3,500 and adjudging that claimant is entitled to recover $3,500 on account of damages sustained from the death of her husband. James J. Macklin and De Lagnel Berier, for appellant. Charles C. Sanders (Herbert C. Smyth and Charles C. Sanders, of counsel), for appellee. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. When this cause was here before (The Tommy, 151 Fed. 570, 81 C. C. A. 50), we considered the facts of the accident, the condition of the tongs and the circumstances under which they were furnished; the court below having found that the tongs were defective and that the accident was principally attributable thereto. We reversed the decree which refused to allow a limitation of liability, but did not question the correctness of his other findings, "as he saw and heard the witnesses," remanding the cause with instructions to enter a decree in accordance with our opinion. The District Court has now found the value of the barge to be $3,500, that the damages resulting from the death of Johnson were $7,000, and that it is not necessary to determine whether or not deceased was negligent, because, if he were, the result would be only to divide the damages, while his total recovery under our former decision must be limited to the value of the barge ($3,500). We have examined the record now presented, concur with the conclusions of the District Judge, and see no reason to modify our former decision that the defective condition of the tongs furnished by the master of the barge, who was in that particular an alter ego of the owner, was the principal cause of the accident. Decree affirmed, with interest and costs.

See, also, 168 Fed. 563.

---

UNITED STATES DECALCOMANIA CO. v. AMERICAN TRUST & SAVINGS BANK. (Circuit Court of Appeals, Seventh Circuit. May 20, 1910.) No. 1,702. Alvin H. Culver, for appellant.

PER CURIAM. Appeal dismissed pursuant to the provisions of section 1, rule 16 (150 Fed. xxix, 79 C. C. A. xxix), April 22, 1910.